UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES COFFMAN
    PETITIONER

v.                                                         CIVIL ACTION
                                                              NO. 04-10788-MEL

DAVID NOLAN
    RESPONDENT

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

David Nolan, the respondent, submits this memorandum in support of his motion to dismiss James Coffman's petition for federal habeas corpus relief. As grounds, the respondent states that the petitioner has not exhausted his state remedies, see 28 U.S.C. §§ 2254(b)(1)(A), 2254(c), and does not allege that he is in custody in violation of Federal law. See 28 U.S.C. § 2254(a). In light of the application of §§ 2254(a), 2254(b)(1)(A), and 2254(c), the respondent does not address the merits of the petition or raise his remaining defenses.[1]

## PRIOR PROCEEDINGS

On December 13, 1990, a Worcester County, Massachusetts, grand jury returned six indictments charging the petitioner with aggravated rape, see G.L. c. 265, § 22(a) (Nos. 90 3132-3137), one indictment charging assault and battery, see G.L. c. 265, § 13A (No. 90 3138), and one indictment charging kidnapping, see G.L. c. 265, § 26 (No. 90 3139) (Exhibit A). The petitioner was convicted of all counts on March 26, 1991 (Mulkern, J., presiding) (Exhibit A). That same day, he was sentenced to committed,

---

[1] Should the Court rule that the petitioner has exhausted his state remedies and has alleged a claim that he is in custody in violation of the Constitution or laws or treaties of the United States, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petition or file a supplemental memorandum addressing any additional affirmative defenses and the merits of the petition.

concurrent, state-prison terms of 9-15 years for his rape convictions, and a committed, concurrent state-prison term of 7-9 years for his kidnapping conviction (Mulkern, J.) (Exhibit A). The petitioner's conviction for assault and battery was placed on file with his consent (Exhibit A).

The petitioner filed a timely notice of appeal (Exhibit A). Subsequently, the Massachusetts Appeals Court affirmed the convictions in an order pursuant to its rule 1:28, see 34 Mass. App. Ct. 1106 (1993), and the Supreme Judicial Court denied the petitioner's application for further appellate review. See 415 Mass. 1101 (1993).

The petitioner moved for state habeas corpus relief in the Norfolk Superior Court on December 3, 2003 (No. NOCV 2003-2228) (Exhibits B, C).[2] The sole basis for his claim was the respondent's purported failure to award him sufficient "earned good time" credit. See G.L. c. 127, § 129D. After receiving respondent's opposition, the court (Borenstein, J.), denied the petition (Exhibits B, D). The petitioner filed a timely notice of appeal on December 31, 2003 and subsequently moved unsuccessfully for reconsideration (Exhibits B, E). The clerk of the Norfolk Superior Court has assembled the record and transmitted it to the Massachusetts Appeals Court where it is awaiting docketing by that court (Exhibits B, F).

---

[2] The petitioner named Peter Allen as the respondent in his state habeas corpus petition (Exhibits B, C). Subsequently, David Nolan became superintendent of M.C.I. - Cedar Junction. The petitioner has properly named him as respondent in his petition to this Court.

## ARGUMENT

THIS COURT SHOULD DISMISS THE HABEAS CORPUS PETITION BECAUSE THE PETITIONER HAS NOT EXHAUSTED HIS STATE REMEDIES AND BECAUSE HE DOES NOT ALLEGE THAT HE IS IN CUSTODY IN VIOLATION OF THE FEDERAL CONSTITUTION OR OF THE LAWS OR TREATIES OF THE UNITED STATES.

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), 2254(c)). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan, 526 U.S. at 845. In states such as Massachusetts that have a two-tiered system of appellate review, a prisoner must first seek relief in the state intermediate appellate court and, if he is unsuccessful there, petition the state's high court for discretionary review. Id. at 846 (discussing the appropriate procedure under Illinois's two-tiered state system of appellate review).

In this case, having been denied relief in the state trial court, the petitioner properly filed a timely notice of appeal, see Mass. R. App. P. 3(a), 4(a), and the clerk of the trial court has assembled the record and transmitted it to the Massachusetts Appeals Court, the state's intermediate appellate court, where it is awaiting docketing (Exhibits D, E, F). See Mass. R. App. P. 9(a). Thus, the case is in the nascent stages of the state appellate process. As a result, the petitioner has not exhausted his state remedies and this Court must dismiss his petition for federal habeas corpus relief. See 28 U.S.C. §§ 2254(b)(1)(A), 2254(c).

Moreover, even if the petitioner had exhausted his state remedies, this Court would nevertheless be barred from acting on his claim. "Habeas corpus proceedings are available only for claims that a person 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Dickerson v. United States, 530 U.S. 428, 439 (2000) (quoting 28 U.S.C. § 2254(a)); see also Ouimette v. Moran, 942 F.2d 1, 4 (1st Cir. 1991) ("review of a state court conviction is limited to searching for constitutional error."). Here, the petitioner's only claim is the respondent did not award him sufficient "earned good time" credit (Exhibit G). See G.L. c. 127, § 129D. Since this claim is exclusively one of state statutory law, this Court is precluded from granting the petitioner relief. See 28 U.S.C. § 2254(a). The Court should dismiss the petition for this reason as well.

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that the petition for writ of habeas corpus be dismissed.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

_____
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2949

Date: May 14, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on James Coffman, pro se, M.C.I. Cedar Junction, P.O. Box 100, South Walpole, MA 02071, by first class mail, postage prepaid, on May 14, 2004.

*[signature]*
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2949