UNITED STATES DISTRIICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-10788-MEL

The Plaintiff in this case requests for appointment of Coounsel on the Following Grounds.

1.) Factual Complexity of the case, the ability of the i indigent to present his claim and complexity of the llegal issues "Addullah v. Gunter 949 F.2d 1032,1035 (8th Circuit). In addition the courts have sugguested that the most important factor is whether the case appears to have merit. (Cooper v. Sargenti Co. Inc 877 F.2d 170,173 (2nd Circuit 1989)

2.)) The requiring of export testimonyt supports the appointment of counsel. Mooore v. Morbus 979 F.2d 268,272 (5t Circuit 1992) Jackson v. County of McClean 953 F.2d 1070-1073 (7th Ciircuit 1992) Tucker v. Randell, 948 F.2d 388,392 (7th Circuit 1994).

3.) Plaintiff's ability to present his case, for the plaintiff in this case is not a jailhouuse lawyer and must depend on the mercy of others to assist him in the preperation of this arguement. In addition this case willl require considerable discovery concernin -g the facts of the case.

4.)     Thee indgent abiliity to present his case, for the
Petitioner in this case knows nothing about the law
nor underrstands it to well, as he is not a JailHouse
Lawyer and has had little or no experience other than
thru Attorney's and even this request is being drawn
uup by someone else.

5.)     The Complexity of the case. In this case therre
are complex, factual legal issues and I do not feel
I could handle it very well. In this it will require
the use of expert testimony in that inwhich involves
<u>Conflicting Testimony</u>.

6.))    Large AMOUNT OF <u>WITNESSES</u> which will require
the courb to sort out who was involved in this
alleged"<u>Civil Rights Violation</u>". The Facts
that this case may be tried before a jury,
also supports the appointment of Counsel. Legal
issues that this court may have to consider
are complex enough to support the Appointment
of Counsel including applpp application of
Eighth Amendment Rights "Factual complexity

o

of an Unconstitutional conduct inwhich thr Petitioner is denied a Constitutional Right (Fundamental) under the Fourteenth (14) Amendment of the Constitution. Killela v. Hall 84 F. Supp 204

State Petitioner, petitioning for a Writ of Habeous Corpus muust exhaust at least one available remedy in State Court (Inwhich he did) before he can resort to Federal Habeous Corpus in United States District Court. Geagan v. Gavin 370 U.S. 965.

SIGNED THIS  28  DAY OF JUNE 20004

CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THIS MOTION WAS SENT TO THE DEFENDANTS POSTAGE PREPAID

ON THIS  28  DAY OF 2004

9

_____
JAMES GFFMAN W-50228

p.o. box 43

MCI--

NORFOLK MASSACHUSETTS

02056-00433

U.S DISTRICT COURT

FIRST CICUIT

CIVIL ACTION
NO.04-10788-MEL

MOTION TO DENIE[MOTION TO DISMISS]

In this the Plaintiff in this case petitions this Court to denie the Defendants Motion to Dismiss.

In this the Plaintiff in this case has a right to file a Writ of Habeous Coprus to This Court under Rules of Criminal Proceedure Rule 30 (a), 43 M.G.L.A. Com. v. Christian 712 N.E.2d 573.

Motion to release from unlawful restraint, like it's Common Law forebear's of Habeous Corpus & writ of errors, is entitled to be distinct from ordinary appeal; this is why a motion for release maybe filed at any time, unlike an ordinary appeal seeking plenary review of alleged trial errors.

In essence a Writ of Habeous Corus is the immediate release of a party deprived of his personal freeedom, that he must be released from restraint by a particular respondent named in the Petition (M.G.L.A. 248 @ 1,&25) Hennessy v. Superintendent of Framingham 438 N.E.2d 329, Crowley 54 Mass App. Court 447.

In this Habeous Corpus proceeding in Federal Court in a Civil Action contesting legality of restraint of the Petitioner's Personal Liberty is the only circumstances are presumed which demonstrate fundamnetal unfairness in trial or the infringment of importAnt Constitutional Rights, that question of Federal Dimension arising warrenting intrustion into the Province of

a States Criminal Court U.S.C.A. [2254 a (b) ]Hudson v. Justice of Wareham District Court 552 F. Supp 974, U.S. ex rel Bailey v. United States Commanding Officer of the Office of the Provost Marshall U.S. Army 496 F.2d 324.

   In this case it appears to be a Double Jeopary Attachment, by this it is a means of making him do his time twise. He has already done the time with Good-Time Credits and such, but now the Department of Corrections is trying to keep the Pllaintiff beyond and over his time. Thus raising a Double Jeopardy. By denieing him these days they are in a sense making him do his time all over again. Thus causing a DDouble Jeopardy claim. The Petitioner in this case has done the Programs but, was denied his good-time for the programs as they promised him. Instead have repeatedly denied him goood-time credits for work, programs and such. By doing this they havee increased his sentence and thus fallen into a Double Jeopardy Claim,by punishing him again for the same crime.

   In this he is challenging the Constitutionality of Custody, thus meeting Habeous Corpus juridiction requuirement 28 USCA§§2254 (a); USCA Constitutional Amendment 5 80 LEd 2d 311. Under Gamble v. Parson
         898 F.2d 117, Young v. Lynangh
         108 S.Ct 1040 a Petitioner does
lack jurisdictioon to Consider Habeous due to Distric-t Court doesnot lack jurisdictioon to Consideration

of the case of conditions ofn Standard"State of mind issues deliberate indifference, determining whether a prison regulation viollate Turner v. Safety. "Reasonable relationship standard" evaluuation of the justification to transferring to another State Prison and the Defense of Qualified Immunity.

When a statue or reguulation create a liberty interest and when the availability of Post-Deprivation rremedies statisfie-s Duee Process claims are often so complex as to requiree the assistance of Counseel

SIGNED THIS 26 DAY OF JUNE 20004

*[signature]*
JAMES GOFFMAN WW-500228
P.O. BBOX 43
MCI-NORRFOLLK
NORFOLK MASSACHUSEETTS
02056--0043