U.S DISTRICT COURT

FIRST CICUIT

CIVIL ACTION
NO.04-10788-MEL

MOTION TO DENIE[MOTION TO DISMISS]

In this the Plaintiff in this case petitions this Court to denie the Defendants Motion to Dismiss.

In this the Plaintiff in this case has a right to file a Writ of Habeous Coprus to <u>This Court</u>under Rules of Criminal Proceedure Rule 30 (a), 43 M.G.L.A. Com. v. Christian 712 N.E.2d 573.

Motion to release from unlawful restraint, like it's Common Law forebear's of Habeous Corpus & writ of errors, is entitled to be distinct from ordinary appeal; this is why a motion for release maybe filed at any time, unlike an ordinary appeal seeking plenary review of alleged trial errors.

In essence a Writ of Habeous Corus is the immediate release of a party deprived of his personal freeedom, that he must be released from restraint by a particular respondent named in the Petition (M.G.L.A. 248 @ 1,&25) Hennessy v. Superintendent of Framingham 438 N.E.2d 329, Crowley 54 Mass App. Court 447.

In this Habeous Corpus proceeding in Federal Court in a Civil Action contesting legality of restraint of the Petitioner's Personal Liberty is the only circumstances are presumed which demonstrate fundamnetal unfairness in trial or the infringment of importAnt Constitutional Rights, that question of Federal Bimension arising warrenting intrusion into the Province of

a States Criminal Court U.S.C.A. [2254 a (b) ]Hudson v. Justice of Wareham District Court 552 F. Supp 974, U.S. ex rel Bailey v. United States Commanding Officer of the Office of the Provost Marshall U.S. Army 496 F.2d 324.

In this case it appears to be a Double Jeopary Attachment, by this it is a means of making him do his time twise. He has already done the time with Good-Time Credits and such, but now the Department of Corrections is trying to keep the Pllaintiff beyond and over his time. Thus raising a Double Jeopardy. By denieing him these days they are in a sense making him do his time all over again. Thus causing a DDouble Jeopardy claim. The Petitioner in this case has done the Programs but, was denied his good-time for the programs as they promised him. Instead have repeatedly denied him goood-time credits for work, programs and such. By doing this they havee increased his sentence and thus fallen into a Double Jeopardy Claim,by punishing him again for the same crime.

In this he is challenging the Constitutionality of Custody, thus meeting Habeous Corpus juridiction requuirement 28 USCA§§2254 (a); USCA Constitutional Amendment 5 80 LEd 2d 311. Under Gamble v. Parson 898 F.2d 117, Young v. Lynangh 108 S.Ct 1040 a Petitioner does lack jurisdictioon to Consider Habeous due to Distric -t Court doesnot lack jurisdictioon to Consideration

of the case of conditions ofn Standard"State of mind issues deliberate indifference, determing whether a prison regulation viollate Turner v. Safety. "Reasonable relationship standard" evaluuation of the justification to transferring to another State Prison and the Defense of Qualified Immunity.

When a statue or reguulation create a liberty interest and when the availability of Post-Deprivation rremedies statisfie-s Duee Process claims are often so complex as to requiree the assistance of Counseel

SIGNED THIS 26 DAY OF JUNE 20004

JAMES GOFFMAN WW-500228
P.O. BBOX 43
MCI-NORRFOLLK
NORFOLK MASSACHUSEETTS
02056--0043